


*Rec'd Fax 1/14/04*
*Doc 1647 was not scanned*

**U.S. Department of Justice**

**Michael J. Sullivan**
United States Attorney
District of Massachusetts

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

VIA FEDEX (w/encl)
Valerie Carter
Carter & Doyle, LLP
530 Atlantic Avenue, 3rd Floor
Boston, MA 02210
fax 617-348-0989

Elliot M. Weinstein
228 Lewis Wharf
Boston, MA 02110
fax 617-367-7358

Syrie Fried
Federal Defender
408 Atlantic Ave
Boston, MA 02210
fax 617-223-8080

Mr. Mark Shea
Attorney at Law
47 3rd Street
Cambridge, MA 02141
Fax 617-577-7897

Mr. Mel Norris
Attorney at Law
260 Boston Post Road
Wayland, MA 01778
Fax 508-358-7787

January 12, 2004

Re: United States v. Sugar et al.- 03-CR-10362 (PBS)

Dear attorneys:

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2

January 12, 2004
Page 2

of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery for your convenience in the Bates numbered documents 1-299 enclosed and the following responses in the above-referenced case:

A. <u>Rule 16 Materials</u>

1. <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

   a. <u>Written Statements</u>

   There are no relevant written statements of the defendants in the possession, custody or control of the government, which are known to the attorney for the government at this time.

   b. <u>Recorded Statements</u>

   A copy of the following consensual audio tape recordings involving the defendants are enclosed:

   N1-N3 and N-7 (CC04-0010)
   and N4-N5 (IF-04-0018)

   N-1-N-5 (IF-04-0018) are listed in S/A Leslee Tate's DEA 6 dated 10/24/03. The 7A reports for N1-N3 and N7-N-12 (CC04-0010) are enclosed and N4-6 (the RV, Lexus, and Volkswagen VW) will be set forth in a DEA 6 report not yet finalized.

   c. <u>Grand Jury Testimony of the Defendant</u>

   The defendants did not testify before a grand jury in relation to this case.

   d. <u>Oral Statements to Then Known Government Agents</u>

   The following reports reference oral statements to then known government agents:

   Enclosed in the Bates numbered documents, including Personal History Reports of defendants and arrest Reports from Phelps County Sheriff's Office for Stark and Suger.

2. <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

   Enclosed in the Bates numbered documents are the criminal

January 12, 2004
Page 3

reports concerning defendants Ruiz, Teague, and Torres, known to the attorney for the government at this time.

3. <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendants' defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendants, may be reviewed and inspected by contacting DEA S/A Dave O'Neill at 617 634-0305 X110 to arrange a mutually convenient time to review these materials.

For your convenience, photocopies of the pictures taken during the October 24, 2003 arrest are enclosed in the Bates numbered documents.

4. <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

Exhibit 1, the only drug evidence at issue, is still being analyzed at the DEA laboratory in New York. A copy of the report will be forwarded to you as soon as it is available.

B. <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

There were no executed search warrants in this case.

C. <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D. <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

A written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of oral communications, involving the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which the defendants were intercepted or which the government intends to offer as evidence in its case-in-chief. Paragraph A(1)(b) lists the tapes on which the intercepted communications were recorded.

E. <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

January 12, 2004
Page 4

    Due to ongoing investigation that may be jeopardized at this time, the government declines to list the names of any known unindicted coconspirators as to the conspiracy charged in Count One of the indictment.

F.   <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

    At this time, the attorney for the government has no information indicating that the defendants were the subject of any investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendants. In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

G.   <u>Agency Reports and Investigatory Materials</u>

    Although the production of the following are not all required to be produced under either Federal Rule of Criminal Procedure 16 or Local Rule 116, the government hereby provides copies of a number of agency reports and investigatory materials, including the following:

    10/24/03   Summary Report by Leslie Tate (7 pages)

    10/22/03   Phelps County Sheriffs Report (1 report and 2 supplemental sections for a total of 7 pages)

    10/26/03   Post Arrest Statements of Anibal Torres on 10/24/03 Acq N-8, 9(3 pages)

    10/26/03   Surveillance and Arrest of Ruiz, Teague and Torres on 10/24/03 and Acw Exh 1, and N1-3, 7, 10-12

    10/29/03   Initial Debriefing of CS (3 pages)

    10/29/03   Initial Debriefing of CS (3 pages)

    12/19/03 St Louis County Police Department Crime Laboratory Weapon Analysis Report (1 page)

January 12, 2004
Page 5

H.  **Exculpatory Evidence Under Local Rule 116.2(B)(1)**

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

   1.  The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

   2.  The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

   3.  The following promises, rewards, or inducements have been given to a witness whom the government anticipates calling in its case-in-chief:

   The two cooperating witnesses ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ each signed a Confidential Source Agreement with DEA; a copy of these redacted agreements (as well as Statement of Rights, and Prompt Presentment Waiver Form) are enclosed.

   4.  The government is unaware that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ have criminal records.

   5.  The government is unaware that any of its named case-in-chief witnesses to the charges alleged in the Indictment have any criminal cases pending other than this case as to Stark and Sugar.

   6.  The government is unaware of any named percipient witnesses failing to make a positive identification of a defendant with respect to the crimes at issue.

H.  **Other Matters**

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to

January 12, 2004
Page 6

Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

    The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendants' intention to offer a defense of alibi. The time, date, and place at which the alleged offenses were committed as set forth in each Count of the indictment a copy of which you previously have received.

    Please call me at 617-748-3183 if you have any questions regarding discovery or any other matter.

                          Very truly yours,

                          MICHAEL J. SULLIVAN
                          United States Attorney

      By:

                          CYNTHIA W. LIE
                          Assistant U.S. Attorney

Enclosures

cc:   Thomas Quinn
       Clerk to the Honorable Magistrate Judith G. Dein
       (redacted and w/o enclosures)