UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

United States of America

    v.                  Criminal No. 1:03-cr-10362-PBS-ALL

Fabian A. Ruiz

### DEFENDANT FABIAN A. RUIZ'S MOTION TO SUPPRESS EVIDENCE

Defendant Fabian Ruiz, by his attorney, moves that this Honorable Court suppress all of the fruits of the Government's illegal stop, search and seizure, as determined by the Memorandum And Order Re: Defendants' Motion to Suppress, dated June 24, 2004 ("June 24, 2004 Memorandum and Order"), including both the marijuana and the intercepted conversations. Defendant Ruiz submits that admission of said evidence at his trial would violate his right to due process of law as guaranteed by the Fifth Amendment to the United States Constitution.

In support of this motion, Mr. Ruiz relies upon the Affidavit of Robert L. Ireland, which is being submitted with this motion, as well as upon the documents appended to Mr. Ireland's affidavit, this Honorable Court's June 24, 2004 Memorandum and Order and the evidence presented and testimony taken in connection with the Motions to Suppress that were the subject of the June 24, 2004 Memorandum and Order.

### STATEMENT OF FACTS

On March 15, 2002, Mr. Ruiz and Robert L Ireland entered into a partnership agreement. The sixth paragraph of the partnership agreement states, in its entirety:

> All assets such as tools, vehicles, trailers, parts and
> equipment, but not limited too, acquired by either partner
> whether held in a company name or the name of one of the
> partners, while this partnership agreement is in effect, shall
> be owned equally by both partners.

1

On or about July 19, 2003, Mr. Ireland entered into a General Agreement with Ray V. Anderson concerning a 1997 Overland Motor Home, VIN No. 4UZVLCA4VC696624. Pursuant to the General Agreement, Mr. Ireland acquired a possessory interest in the Motor Home. Pursuant to the Partnership Agreement, Mr. Ruiz acquired that same interest at the same time. Additionally, through the General Agreement, both Mr. Ruiz and Mr. Ireland had an expectation of privacy with regard to the Motor Home, and had the right to exclude others from the Motor Home.

Mr. Ruiz used the Motor Home. As Mr. Ireland states in his affidavit, Mr. Ruiz took vacations in the Motor Home with his family. Additionally, Mr. Ruiz lived in the Motor Home for approximately 30 days when it was parked on the property of Link Trailer Repair in September, 2003. Mr. Ruiz owned a set of keys for the Motor Home.

On October 17, 2003, Mr. Ireland (*not* Mr. Ruiz) gave Sean Stark permission to use the Motor Home for his vacation.

On October 22, 2003, Mr. Stark and Mr. Sugar were traveling together in that same Motor Home along highway 1-44 in Phelps County, Missouri when the stop, search and seizure by Deputy Sheriff Carmello Crivello occurred.

In its June 24, 2004 Memorandum and Order, this Honorable Court ruled that:

1. "[T]he initial stop was not reasonable or justified by probable cause under Missouri law."

2. "[E]ven if the initial stop were lawful under Missouri traffic law, . . . that Officer Crivello did not have reasonable suspicion for holding the defendants until the canine arrived."

3. Both because the stop of the car was unlawful and because Officer Crivello did not have reasonable suspicion, the drugs should be suppressed as the fruit of the poisonous tree.

This Honorable Court ruled that Mr. Sugar had a privacy interest in the entire Motor Home, including the closet, and thus had standing to file the motion to suppress.

## ARGUMENT

In its June 24, 2004 Memorandum and Order, this Honorable Court, quoting United States v. Cruz Jimenez, 894 F.2d 1, 5 (1st Cir. 1990), wrote "[d]emonstration of such an expectation [of privacy] is a threshold standing requirement, and analysis cannot proceed further without its establishment."  See also Rakas, 439 U.S. at 130, 143.

Mr. Ruiz has met this threshold standing requirement.  Mr. Ruiz has demonstrated that he has an ownership interest in the Motor Home, a possessory interest in the motor home, the right to exclude people from the motor home.  Additionally, Mr. Ruiz lived in the Motor Home and took trips in it.  Mr. Ruiz has standing to challenge the stop, search and seizure conducted by Deputy Sheriff Carmello Crivello.

Mr. Ruiz also met the threshold standing requirement because, as this Honorable Court wrote, "[c]ourts have recognized standing by homeowners to challenge searches of containers found on their premises but owned by third parties."  See the June 24, 2004 Order and the cases cited therein, United States v. Garcia-Rosa, 876 F.2d 209, 218 (1st Cir. 1989);  United States v. Isaacs, 708 F.2d 1365, 1367-69 (9th Cir. 1983) ; United States v. Perez, 700 F.2d 1232, 1236 (8th Cir. 1983); and United States v. Gomez, 276 F.3d 694, 697 (5th Cir. 1998) .  This case is analogous to those cited by this Honorable Court.  Mr. Ruiz was the 'homeowner' and the seized drugs belonged to a third party.

The law of this case, established by the June 24, 2004 Order, is that the stop, search and seizure conducted by Deputy Sheriff Crivello was unconstitutional, and that the fruits of those unconstitutional acts must be suppressed against those who have the right to

3

claim Fourth Amendment protection. Because Mr. Ruiz has met his threshold standing requirement to claim Fourth Amendment protection, the fruits of the stop, search and seizure must be suppressed at his trial.

## CONCLUSION

Based on the authorities cited and the reasons above, the defendant Fabian A. Ruiz requests that his motion to suppress be allowed.

Respectfully Submitted,
Defendant Fabian A. Ruiz
By its attorney,


_____
Valerie Carter, BBO No. 545412
Carter & Doyle, LLP
530 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 348-0525
Facsimile: (617) 348-0989

Date:  September 23, 2004

CERTIFICATE OF SERVICE

    I hereby certify that on September 23, 2004, a true copy of the above document, Defendant Fabian A. Ruiz's Motion to Suppress Evidence, as well as the Supporting Affidavit of Robert L. Ireland were served upon Cynthia W. Lie, the Assistant U.S. Attorney of record, by hand, and upon Elliot M. Weinstein, Esquire via U.S. Mail.

                                                        _____
                                                        Valerie S. Carter, Esquire