UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                           ) | Criminal No.: 03-M-1150-JGD |
| ) | |
| FABIAN RUIZ                          ) | |
| _____ ) | |

MOTION IN LIMINE PURSUANT TO *SIMMONS V. UNITED STATES*

Now comes the defendant, Fabian Ruiz, and moves this Honorable Court to enter an order precluding the government from using his testimony at the Suppression hearing as evidence at trial.  As grounds therefor, the defendant states the following, as well as relying on the facts and law set forth in the Motion to Suppress contents of which are incorporated by reference herein.

1. The defendant is named in an Indictment which is pending before this Court.

2. The Supreme Court held in *Simmons v. United States* that "when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment Grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection." 390 U.S. 377, 394 (1968).  In reaching this holding the Court acknowledged that a defendant who knows that his testimony at a suppression hearing may be admissible against him at trial may be deterred from presenting a valid Fourth Amendment Claim.  *See id.*  Noting that a defendant would be faced with the dilemma of whether or not to give up a valid Fourth Amendment Claim or to waive his Fifth Amendment privilege against self-incrimination, the court in *Simmons* found that it is "intolerable that

one constitutional right should have to be surrendered in order to assert another".  *Id.*

3.  In the present case, the defendant may wish to testify at the Suppression Hearing before this Court.  He therefore asks that the Court grant him use immunity under *Simmons v. United States* as to any testimony he gives at the hearing and that the immunity extend to the use of any testimony at trial.

WHEREFORE, the defendant requests that this Honorable Court order that any evidence submitted by Ruiz either as testimony or by affidavit, be inadmissible against him at trial.

>Respectfully submitted,
>Fabian Ruiz,
>
>By his attorney,
>
>      /S/ Valerie S. Carter
>Valerie S. Carter
>CARTER & DOYLE LLP
>530 Atlantic Avenue
>Boston, MA   02210
>617-348-0525
>vcarter@carterdoyle.com

DATED:  October 6, 2004

CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served on the date set forth above upon the attorney of record for the U.S. Attorney's Office by mail, postage prepaid.

                                                                                                             /s/ Valerie S. Carter
                                                                                                         Valerie S. Carter, Esq.

DATED:  October 6, 2004