UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                          )    CRIMINAL NO. 03-CR-10362-PBS
V.                        )
                          )
FABIAN A. RUIZ           )

**GOVERNMENT'S OPPOSITION TO DEFENDANT FABIAN A. RUIZ'S EMERGENCY
MOTION FOR FURLOUGH OR, IN THE ALTERNATIVE, BAIL**

**INTRODUCTION**

The United States of America, through its undersigned attorneys, hereby opposes Defendant Fabian A. Ruiz's Emergency Motion For Furlough Or, In the Alternative, Bail.  The reasons Magistrate Judge Judith G. Dein originally detained defendant Ruiz pending trial still hold true, and defendant has made no attempt to assert otherwise.  On November 7, 2003, the Magistrate Judge concluded that defendant was both a danger to the community and a risk of flight.  The Magistrate Judge detailed defendant's significant criminal history.  (Detention Order, p. 9).  It bears reminding the Court that not only is defendant facing a lengthy term of imprisonment in the instant case, but the defendant is already sentenced to 15 years in Crawford County, Arkansas for a drug conviction, with 9 years suspended, and was to start serving this sentence on January 23, 2004.  (Detention Order, p. 9). Defendant's danger to the community and risk of flight remain great and defendant does not contend otherwise.  Therefore,

defendant should not be allowed bail or a furlough, especially in light of the proffered reasons for his request.

Defendant has asserted that since his business partner has passed away, defendant requests a 60 day furlough or bail to make business arrangements.  Defendant has provided absolutely no legal authority to support this request.  Defendant states that he requires a furlough to make "arrangements in connection with the contracts," as well as to deal with "accountings that must be rendered, invoices to be paid, receivables to collect and other matters requiring immediate attention."  Defendant has set forth absolutely no reason why this type of paperwork cannot be done through his lawyer and accountant.  In this day of overnight mail and electronic banking, there is no reason why defendant cannot deal with contracts and accountings from prison in Massachusetts.  Moreover, legal proceedings in the instant criminal action are ongoing for which defendant has a right to be present.  The only reason defendant's trial had been postponed to date was due to Ireland's unavailability at the time.  Now, the case is ready to proceed to trial and defendant and his co-defendants have the right to a speedy trial.  Defendant has provided no reason why his personal presence is required in Tuscon.  Therefore, defendant's motion should be denied.

**CONCLUSION**

For the foregoing reasons, defendant's Motion For Furlough Or, In the Alternative, Bail, should be denied.


Dated: November 8, 2004

                              Respectfully Submitted,
                              MICHAEL J. SULLIVAN
                              United States Attorney


                              By: */s/ Cynthia W. Lie*
                              CYNTHIA W. LIE
                              ASSISTANT U.S. ATTORNEY