UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 03-10362-PBS |
| FABIAN A. RUIZ, Defendant. | ) | |

**MEMORANDUM AND ORDER**

November 29, 2004

Saris, U.S.D.J.

    Defendant Fabian A. Ruiz, charged with drug trafficking in 350 pounds of marijuana, has filed a motion to suppress the fruits of the government's stop, search and seizure of the recreational vehicle ("RV") driven by co-defendants Sean Stark and Christopher Sugar. The Court held that the traffic stop and the initial detention of Stark and Sugar were not supported by probable cause or reasonable suspicion. The Court assumes familiarity with its Memorandum and Order Re: Defendants' Motion to Suppress dated June 24, 2004, which the government has appealed. The government has opposed the motion to suppress on the ground that Ruiz lacks standing to challenge the stop.

    After an evidentiary hearing where Ruiz testified concerning his ownership and possessary interest in the RV and the government agent testified concerning attenuation, the Court **DENIES** the motion to suppress for lack of standing.

Although his crude partnership agreement with Mr. Robert L. Ireland,[1] who had the title to the vehicle, likely gave Ruiz an ownership interest in the RV, that ownership is not dispositive of the standing issue because Ruiz was not in the RV at the time of the unlawful stop.  See United States v. Powell, 929 F. 2d 1190, 1191 (7th Cir. 1991) ("The personal nature of the interests implicated by a vehicle stop persuade us that a vehicle owner who is not in his car at the time it is stopped should not, absent unusual circumstances not present in this case, have standing to object to the stop.").  Ireland had given written permission to Stark and Sugar to drive the vehicle across the country on a mountain-biking trip to Vermont.  Ruiz was in Arkansas for a court appearance on another drug charge at the time the RV was stopped and searched in Missouri.  In these circumstances Ruiz does not have a legitimate expectation of privacy "in using the highways undisturbed by random and intrusive police action and the anxiety it causes."  Id. at 1196.  Ruiz also does not have standing to challenge the detention of Stark, Sugar, and the RV until the canine arrived.  Id.

Arguing that he has standing to challenge the search of the closet, Ruiz points out he owned a set of keys to the RV, took family vacations in it, and had lived in it for approximately one

---

[1] Mr. Ireland submitted an affidavit to support Ruiz' standing, but died prior to his scheduled testimony.

month in the fall of 2003 when it was parked on the property of his business, Link Trailer Repair in Arizona.  The government responds that there was no legitimate expectation of privacy in the closet because Ruiz taped the key to the closet where the marijuana was hidden in a secret place and told Stark where the key was.

    While defendant may have standing to challenge the entry into the closet of the RV, defendant has not alleged that the police lacked probable cause to search the closet once the canine alerted.  Powell, 929 F.2d at 1196 (holding that defendant, as owner of the motor home, had standing to challenge the police entry into the camper – even though there was no standing to challenge the stop – but that the police had probable cause to inspect the truck, based on the smell of marijuana and other things.)  Cf. United States v. Cruz Jiminez, 894 F.2d 1, 5 (1st Cir. 1990) (listing factors governing threshold inquiry of standing).

    Arguing "attenuation", the government also relies on the evidence of the co-defendants' pro-active cooperation in ensnaring Ruiz two days after the unlawful stop on October 22, 2003, which they engaged in after receiving their Miranda rights three times.  In light of this ruling, the Court need not address the issue.  I reserve the right to write a full opinion if necessary.

<pre>
                              S/PATTI B. SARIS
                              United States District Judge
</pre>