UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No.: 03-CR-10362-PBS |
| ) | |
| FABIAN RUIZ ) | |
| _____ ) | |

**RUIZ'S MOTION TO STRIKE SURPLUSSAGE
FROM SUPERSEDING INDICTMENT**

Pursuant to Fed. R. Crim. P. 7(d), the defendant, Fabian Ruiz, moves this Court to strike the section entitled "Notice of Additional Factors" as surplussage from the Superseding Indictment. As grounds in support of this Motion, Ruiz states as follows:

1. The Notice of Additional Factors in the Superseding Indictment contains allegations relating to (a) Ruiz's alleged role in the conspiracy charged in Count One of the Indictment, and (b) the alleged amount of marijuana attributable to him. Both "additional factors" are more appropriately sentencing issues and do not pertain to the guilt phase of this case. As such, the additional factors are not elements of either the conspiracy charged in Count One or the possession with intent to distribute charge in Count Three.

2. That portion of an Indictment "unnecessary to and independent of the allegations of the offense proved may normally be treated as 'useless averment' that may be ignored." *U.S. v. Miller,* 471 U.S. 130, 136 (1985), citing *Ford v. U.S.,* 273 U.S. 593, 602 (1927). As such, this Court is acting well within its discretion by striking any surplussage. ("The proper remedy where allegations of an indictment are unnecessary or prejudicial…is by motion to strike the claimed surplussage." *U.S. v. Mutchler,* 333 F. Supp. 2d 828 (S.D. Iowa); *Dranow v. U.S.,* 307 F.2d 545, 558 (8th Cir. 1962).)

1

3. In strikingly similar superseding indictments, courts in *Mutchler* and *U.S. v. Jardine*, 2004 WL 2314511 (E.D.Pa. 10/8/04) struck the added language of the superseding indictments on the grounds that they contained unnecessary and prejudicial surplussage.  In *Mutchler,* the court noted the transparency of the government's attempt to mitigate the ramifications of *Blakely*.  It held "the lack of a statutory basis for the aggravating factors clearly implies the Government is treading on new ground in an effort to conform to the possible changes in sentencing law after *Blakely*." *Mutchler,* 333 F. Supp. 2d 828, 830.

4. Further, the additional factors should be stricken on the ground that the aggravating factors contained therein are not "offenses against the laws of the United States" under 18 U.S.C. § 3231 and the Court lacks subject matter jurisdiction. See *U.S. v. Worrall,* 2 U.S. 384 (1798).  As stated by the court in *Mutchler,* "as a part of guidelines meant to act as procedural rules for the court, the aggravating factors do not provide sufficient authority to bring the allegations contained within them properly before a trier of fact in a United States courtroom." *Mutchler*, *Id.*

WHEREFORE Ruiz requests that this Court strike the Notice of Additional Factors as unnecessary and prejudicial surplussage.

        Fabian Ruiz,
        By his attorney,

        _____ /s/ Valerie S. Carter
        Valerie S. Carter
        CARTER & DOYLE LLP
        530 Atlantic Avenue
        Boston, MA  02210
        617-348-0525
        vcarter@carterdoyle.com

DATED:  December 9, 2004