UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
                               )    Criminal No.
                               )    03-CR-10362 (WGY)
        v.                     )
                               )
TREVOR ROYCE TEAGUE            )
and                            )
FABIAN A. RUIZ,                )
                               )
                               )
                               )
        Defendants.            )

        UNITED STATES' MOTION IN LIMINE CONCERNING SEQUESTRATION OF
                                WITNESSES

   The United States of America, through its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts and Assistant U.S. Attorney Cynthia W. Lie, hereby moves *in limine* that the Court sequester all witnesses except for Drug Enforcement Administration Special Agent, David O'Neill, who is the case agent for this investigation and who will be testifying as a government witness.

   Rule 615(2) of the Federal Rules of Evidence provides an exception to sequestration for "an officer or employee of a party which is not a natural person designated as its representative by its attorney."  The Advisory Committee's notes make it clear that this exception follows prior case law "allowing a police officer who has been in charge of an investigation to remain in court despite the fact that he will be a witness."  Advisory Committee Notes to 1972 Proposed Rules.

Interpreting Rule 615(2), the First Circuit has held that the provision has "severely curtailed the discretion of the trial court to sequester the government's case agent" and that it is not an abuse of discretion to allow the case agent to remain even though he or she will testify. United States v. Machor, 879 F.2d 945, 953 (1st Cir. 1989). In so holding, the First Circuit quoted from the Senate Report relating to the rule as follows:

> Many district courts permit government counsel to have an investigative agent at counsel table throughout the trial although the agent is or may be a witness. The practice is permitted as an exception to the rule of exclusion and compares with the situation defense counsel finds himself in - he always has the client with him to consult during the trial. The investigative agent's presence may be extremely important to government counsel, especially when the case is extremely complex or involves some specialized subject matter. The agent, too, having lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty.

Manchor, 879 F.2d at 953. See also United States v. Lussier, 929 F.2d 25, 30 (1st Cir. 191) (district court did not err by choosing not to sequester government's case agent as well as another agent who gave expert testimony based upon the evidence in the record).

Since the factors described above are also present in this case, the government respectfully requests that the Court sequester all witnesses except for Special Agent O'Neill of the Drug Enforcement Administration.

```
                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney


                                    By:  /s/ Cynthia W. Lie
                                    CYNTHIA W. LIE
                                    JENNIFER ZACKS
                                    Assistant U.S. Attorneys

Dated: January 21, 2005
```