UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 03-CR-10362-PBS |
| V. | VIOLATIONS:<br>21 U.S.C. § 846 --<br>Conspiracy to<br>Distribute Marijuana and to |
| TREVOR TEAGUE | Possess with Intent to<br>Distribute Marijuana |
| AND | |
| FABIAN A. RUIZ, | 21 U.S.C. § 841(a)(1) --<br>Possession with Intent to<br>Distribute Marijuana |
| Defendants. | 18 U.S.C. § 2 --<br>Aiding and Abetting |

## UNITED STATES' PROPOSED JURY INSTRUCTIONS

The United States of America, pursuant to Fed. R. Crim. P. 30, requests that the Court, in addition to its usual instructions in criminal cases, give the following instructions to the jury.  The United States also requests leave to file additional and/or amended instructions as may become appropriate during the course of the trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Cynthia W. Lie

CYNTHIA W. LIE
JENNIFER ZACKS
Assistant U.S. Attorneys

Dated: January 21, 2005

## TABLE OF CONTENTS

DUTIES OF THE JURY . . . . . . . . . . . . . . . . . . . . 5

NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE . . . . . . . 6

PRELIMINARY STATEMENT OF ELEMENTS OF CRIME . . . . . . . . . 7

EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES . . . . . . . 8

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . 11

CONDUCT OF THE JURY . . . . . . . . . . . . . . . . . . . 12

NOTE-TAKING . . . . . . . . . . . . . . . . . . . . . . . 14

OUTLINE OF THE TRIAL . . . . . . . . . . . . . . . . . . . 15

CAUTION AS TO COOPERATING WITNESS TESTIMONY . . . . . . . . . 17

WEIGHING THE TESTIMONY OF AN EXPERT WITNESS . . . . . . . . . 18

DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW . . . . . . . . 19

PRESUMPTION OF EVIDENCE; PROOF BEYOND A REASONABLE DOUBT. . . 20

DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY . . . . . . . 22

WHAT IS EVIDENCE; INFERENCES. . . . . . . . . . . . . . . . 23

KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL. . . . . . . . . 24

CREDIBILITY OF WITNESSES. . . . . . . . . . . . . . . . . . 25

CAUTIONARY AND LIMITING INSTRUCTIONS AS TO PARTICULAR KINDS OF
EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . 26

WHAT IS NOT EVIDENCE . . . . . . . . . . . . . . . . . . . 27

POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE
[21 U.S.C. § 841(a)(1)] . . . . . . . . . . . . . . . . . 29

CONSPIRACY [21 U.S.C. § 846] . . . . . . . . . . . . . . . 32

AIDING AND ABETTING [18 U.S.C. § 2] . . . . . . . . . . . . 35

FOREPERSON'S RULE; UNANIMITY . . . . . . . . . . . . . . . 37

3

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . .  38

REACHING AGREEMENT . . . . . . . . . . . . . . . . . . . . . .  39

RETURN OF VERDICT FORM . . . . . . . . . . . . . . . . . . . .  41

COMMUNICATION WITH THE COURT . . . . . . . . . . . . . . . . .  42

"ON OR ABOUT" EXPLAINED . . . . . . . . . . . . . . . . . . .  43

AMOUNT OF MARIJUANA . . . . . . . . . . . . . . . . . . . . .  44

VERDICT FORM

## DUTIES OF THE JURY

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by two Assistant United States Attorneys, Cynthia W. Lie and Jennifer H. Zacks.  The defendant, Trevor Teague, is represented by Elliot Weinstein.  The defendant, Fabian A. Ruiz, is represented by Valerie Carter.

The defendants have been charged by the government with a violation of federal law.  The defendants have been charged with one count of conspiracy to distribute marijuana, one count of possession with intent to distribute marijuana, and one count of aiding and abetting.  The charges against the defendants are contained in the indictment.  The indictment is simply a description of the charges against the defendants; it is not evidence of anything.  The defendants pleaded not guilty to the charges and denied committing the crime.  They are presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven their guilt beyond a reasonable doubt.


Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## PRELIMINARY STATEMENT OF ELEMENTS OF CRIME

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to make its case. The defendants have been charged by the government with a violation of federal law. Specifically, the defendants have been charged with one count of conspiracy to distribute marijuana, one count of possession with intent to distribute marijuana, and one count of aiding and abetting.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES**

I have mentioned the word "evidence."  Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated -- that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence.  I will list those things for you now:

   (1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

   (2) Objections are not evidence.  Lawyers have a duty to their

8

client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You may consider both direct and

circumstantial evidence.  The law permits you to give equal weight
to both, but it is for you to decide how much weight to give to any
evidence.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

### CONDUCT OF THE JURY

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the case sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed

to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**NOTE-TAKING**

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however. First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented. If you would prefer not to take notes at all but simply to listen, please feel free to do so. Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Please take your notes to the jury room at every recess. I will have the courtroom deputy collect them at the end of each day and place them in the vault. They will then be returned to you the next morning. When the case is over, your notes will be destroyed. These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

14

## OUTLINE OF THE TRIAL

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorney may, if he chooses, make opening statements. At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the defendant. The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits. In a moment I will say more about the nature of evidence.

After the government's evidence, the defendant's lawyer may present evidence in the defendant's behalf, but they are not required to do so. I remind you that the defendant is presumed innocent, and the government must prove the guilt of the defendant beyond a reasonable doubt. The defendant does not have to prove his innocence.

After you have heard all the evidence on both sides, the

government and the defense will each be given time for their final arguments.    I just told you that the opening statements by the lawyers are not evidence.    The same applies to the closing arguments.    They are not evidence either.    In their closing arguments the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions.    Your deliberations will be secret.    You will never have to explain your verdict to anyone.

Following your verdict, there may be further proceedings.    If such proceedings become necessary, I will give you additional instructions at that time.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## CAUTION AS TO COOPERATING WITNESS TESTIMONY

You will hear the testimony of one or more of the government's witnesses who participated in the crimes charged against the defendant and provided evidence under an agreement with the government. Some people in this position are entirely truthful when testifying. Still, you should consider this testimony with care and caution. You may consider whether the witnesses had reason to make up stories or exaggerate what others did to be helpful to law enforcement.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## WEIGHING THE TESTIMONY OF AN EXPERT WITNESS

You will hear testimony from an expert witness. An expert witness has special knowledge or experience that allows that witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

### PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of the charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against them.

20

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of the crime, it is your duty to acquit the defendant.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of the crime, you should vote to convict the defendant.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY**

The defendants have a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that a defendant did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## WHAT IS EVIDENCE; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

24

## CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

25

## CAUTIONARY AND LIMITING INSTRUCTIONS
## AS TO PARTICULAR KINDS OF EVIDENCE

A particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**WHAT IS NOT EVIDENCE**

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5) The indictment is not evidence.  This case, like most criminal cases, began with a charge, or an indictment.  In this case, there were subsequent charges which are contained in a Indictment.  You will have that indictment before you in the course of your deliberations in the jury room.  That indictment was returned by a grand jury, which heard only the government's side of

27

the case.  I caution you, as I have before, that the fact that the defendant has been indicted is no evidence whatsoever of their guilt.  The indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court.  The indictment proves nothing.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE
## [21 U.S.C. § 841(a)(1)]

The defendants also are charged with possession of a controlled substance with the intent to distribute it. Defendants Trevor Teague and Fabian A. Ruiz are accused of possessing marijuana on or about October 24, 2003, intending to distribute it to someone else.

It is against federal law to have marijuana in your possession with the intention of distributing it to someone else. For you to find a defendant guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, that a defendant on or about the charged date possessed a controlled substance, either actually or constructively;

Second, that he did so with a specific intent to distribute the controlled substance over which he had actual or constructive possession; and

Third, that he did so knowingly and intentionally.

It is not necessary for you to be convinced that a defendant actually delivered the marijuana to someone else, or that he made any money out of the transaction.  It is enough for the government to prove, beyond a reasonable doubt, that he had in his possession what he knew was a controlled substance and that he intended to transfer it or some of it to someone else.

29

A person's intent may be inferred from the surrounding circumstances.  Intent to distribute may, for example, be inferred from a quantity of drugs larger than that needed for personal use.  In other words, if you find that the defendant possessed a quantity of a controlled substance -- more than that which would be needed for personal use -- then you may infer that the defendant intended to distribute a controlled substance.  The law does not require you to draw such an inference, but you may draw it.

Although the government must prove beyond a reasonable doubt that the defendant knew he possessed a controlled substance, the government need not prove that the defendant knew which particular controlled substance was involved.

The term "possess" means to exercise authority, dominion or control over something.  The law recognizes different kinds of possession.

"Possession" includes both actual and constructive possession.  A person who has direct physical control of something on or around his person is then in actual possession of it.  A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it.  Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.

30

"Possession" also includes both sole possession and joint possession.  If one person alone has actual or constructive possession, possession is sole.  If two or more persons share actual or constructive possession, possession is joint.  Whenever I have used the word "possession" in these instructions, I mean joint as well as sole possession.


Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## CONSPIRACY TO DISTRIBUTE A CONTROLLED SUBSTANCE AND TO POSSESS WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE
### [21 U.S.C. § 846]

Trevor Teague and Fabian A. Ruiz are also accused of conspiracy to distribute marijuana from a period on or about October 2003.  To establish a conspiracy, the government must prove beyond a reasonable doubt the following two things: (1) that the agreement specified in the Indictment, and not some other agreement or agreements, existed between at least two people to distribute marijuana or to possess marijuana with intent to distribute it; and (2) that Trevor Teague and Fabian A. Ruiz willfully joined in that agreement.

A conspiracy is an agreement, spoken or unspoken.  The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.  But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.  Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed  – that is to say, with bad purpose, either to

32

disobey or disregard the law – not to act by ignorance, accident
or mistake.  The government must prove two types of intent beyond
a reasonable doubt before the defendant can be said to have
willfully joined the conspiracy: an intent to agree and an
intent, whether reasonable or not, that the underlying crime be
committed.  Mere presence at the scene of a crime is not alone
enough, but you may consider it among other factors.  Intent may
be inferred from the surrounding circumstances.  Proof that the
Defendant willfully joined in the agreement must be based upon
evidence of his own words and/or actions.  You need not find that
he agreed specifically to, or knew about, al the details of the
crime or crimes, or knew every other co-conspirator, or that they
participated in each act of the agreement or played a major role,
but the government must prove beyond a reasonable doubt that he
knew the essential features and general aims of the venture.
Even if the Defendant were not part of the agreement at the very
start, he can be found guilty of conspiracy if the government
proves that he willfully joined the agreement later.  On the
other hand, a person who has no knowledge of a conspiracy, but
simply happens to act in a way that furthers some object or
purpose of the conspiracy does not thereby become a conspirator.

    The government does not have to prove that the conspiracy
succeeded or was achieved.  The crime of conspiracy is complete
upon the agreement to commit the underlying crime.

Pattern Jury Instructions: **First Circuit**, Criminal Cases

Committee on Pattern Criminal Jury Instructions - First Circuit

1998 Edition.

## **AIDING AND ABETTING**

### **[18 U.S.C. § 2]**

Trevor Teague and Fabian A. Ruiz are also accused of aiding and abetting the possession with intent to distribute marijuana on or about October 24, 2003. To "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt the following two things: (1) that someone else committed the charged crime; and (2) that Trevor Teague and Fabian A. Ruiz willfully associated themselves in some way with the crime and willfully participated in it as they would in something they wished to bring about. This means that the government must prove that Trevor Teague and Fabian A. Ruiz consciously shared the other person's knowledge of the underlying criminal act and intended to help him. Trevor Teague and Fabian A. Ruiz need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be

35

done -- that is to say with bad purpose, either to disobey or disregard the law.  It also does not matter whether any agency relationship existed between the defendant and the person who committed the charged crime.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition; United States v. Castro, 279 F.3d 30, 33-34
(1st Cir. 2002).

**FOREPERSON'S ROLE; UNANIMITY**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest

39

conviction as to the weight and effect of the evidence simply to reach a verdict.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**RETURN OF VERDICT FORM**

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**Read attached verdict form.**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**"ON OR ABOUT" - EXPLAINED**

The indictment charges that the offenses alleged were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

Adapted from Devitt, Blackmar, Wolff, and O'Malley, <u>Federal Jury Practice and Instructions,</u> §13.05 (4th Ed. 1992).

## AMOUNT OF MARIJUANA

You will note that, with respect to Counts One and Three of the Indictment, the government has alleged that defendants conspired to distribute and to possess with intent to distribute and to possess with intent to distribute and to aid and abet the possession with intent to distribute, more than 100 kilograms of a mixture or substance containing a detectable amount of marijuana.  In order to convict the defendant of these precise charges, you must conclude beyond a reasonable doubt that the amount of a mixture or substance containing a detectable amount of marijuana the defendants conspired to distribute and to possess with intent to distribute in Count One and to possess with intent to distribute or to aid and abet the possession with intent to distribute in Count Three was 100 kilograms or more. The verdict form that will be provided to you by the Clerk will contain a space on which you can indicate your conclusion as to that amount.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )        CRIMINAL No.
            v.                  )
                                )
                                )        03-CR-10362 (WGY)
TREVOR ROYCE TEAGUE             )
and                             )
FABIAN A. RUIZ,                 )
                                )
            Defendants.         )


## VERDICT

1.  Count 1

1-1. As to Count 1 of the Superseding Indictment charging conspiracy to distribute marijuana and to possess with intent to distribute marijuana, we unanimously find Defendant Trevor Teague:


_____ Guilty

_____ Not Guilty


1-2. As to Count 1 of the Superseding Indictment charging conspiracy to distribute marijuana and to possess with intent to distribute marijuana, we unanimously find Defendant Fabian A. Ruiz:


_____ Guilty

_____ Not Guilty

(IF YOU FIND EITHER OR BOTH DEFENDANTS GUILTY ON COUNT 1, ANSWER QUESTIONS 1-3 AND/OR 1-4 AS APPROPRIATE.  IF YOU FIND BOTH DEFENDANTS NOT GUILTY ON COUNT 1, DO NOT ADDRESS QUESTION 1-3 or QUESTION 1-4 BUT PROCEED TO COUNT 3)

1-3.  Having found Defendant Trevor Teague, guilty as to Count 1 of the Superseding Indictment, we unanimously find that Count 1 involved the following amounts of marijuana:

_____ DID involve 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana

_____ DID NOT involve 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana

1-4.  Having found Defendant Fabian A. Ruiz, guilty as to Count 1 of the Superseding Indictment, we unanimously find that Count 1 involved the following amounts of marijuana:

_____ DID involve 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana

_____ DID NOT involve 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana

(PLEASE PROCEED TO COUNT 3 REGARDLESS OF THE CONCLUSIONS REACHED ON COUNT 1)

2. <u>COUNT 3</u>

2-1.  As to Count 3 of the Superseding Indictment charging Defendant Trevor Teague with possession of marijuana with intent to distribute or aiding and abetting possession of marijuana with intent to distribute on or about October 24, 2003, we unanimously find Defendant Trevor Teague:

_____ Guilty

_____ Not Guilty

3-2.  As to Count 3 of the Superseding Indictment charging Defendant Fabian A. Ruiz with possession of marijuana with intent to distribute or aiding and abetting possession of marijuana with intent to distribute on or about October 24, 2003, we unanimously find Defendant Fabian A. Ruiz:

_____ Guilty

_____ Not Guilty

(IF YOU FIND EITHER OR BOTH DEFENDANTS GUILTY ON COUNT 3, ANSWER QUESTIONS 3-3 AND/OR 3-4 AS APPROPRIATE.  IF YOU FIND BOTH DEFENDANTS NOT GUILTY ON COUNT 3, DO NOT ADDRESS QUESTION 3-3 or QUESTION 3-4 AND END DELIBERATIONS)

3-3. Having found Defendant Trevor Teague, guilty as to Count 3 of the Superseding Indictment, we unanimously find that Count 3 involved the following amounts of marijuana:

_____ DID involve 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana

_____ DID NOT involve 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana

3-4. Having found Defendant Fabian A. Ruiz, guilty as to Count 3 of the Superseding Indictment, we unanimously find that Count 3 involved the following amounts of marijuana:

_____ DID involve 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana

_____ DID NOT involve 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana

_____
FOREPERSON

-48-