UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 03-CR-10362-WGY |
| | ) | |
| FABIAN RUIZ | ) | |
| _____ | ) | |

**FABIAN RUIZ' PROPOSED JURY INSTRUCTIONS**

Defendant, Fabian Ruiz, by his attorney, moves that this Court instruct the jury,
inter alia:

**REQUEST ONE: CO-OPERATING WITNESS - GREATER CARE AND**

**CAUTION**

The testimony of Mr. Torres, an informer or co-operating witness who testified

pursuant to a plea and co-operation agreement with the government, must be examined

and considered with greater care and caution than the testimony of an ordinary witness.

There is evidence that the government agreed to certain concessions in exchange

for Mr. Torres's agreement to plead guilty and testify at this trial.  The government also

promised to bring Mr. Torres's co-operation to the attention of the sentencing judge.

You should bear in mind that a witness who has entered into such an agreement

has an interest in this case different than any ordinary witness. A witness who realizes

that he may be able to obtain his own freedom, or receive a lighter sentence by giving

testimony favorable to the prosecution, has a motive to testify falsely.  Therefore, you

must examine the testimony with greater care and caution.

You may consider whether Mr. Torres's testimony was affected by interest or

prejudice, personal gain, an expectation of personal gain, or an expectation of favorable sentencing recommendations by the government.

## REQUEST TWO:  DRUG USE - CLOSE SCRUTINY

There has been evidence that Mr. Torres was using drugs when the events he testified about allegedly took place. There is nothing improper about calling such a witness to testify about the events the witness claims were within his personal knowledge.

On the other hand, his testimony must be examined with greater scrutiny than the testimony of any other witness who was not using drugs.  The testimony of a witness who was using drugs at the time of the events he is testifying about may be less believable because of the effect the drugs may have on his ability to perceive or relate the events in question.

## REQUEST THREE:  MERE PRESENCE OR ASSOCIATION

You may not infer that Mr. Ruiz is guilty of participating in the crimes alleged in the indictment merely from the fact that he was present at the time a crime was being committed and had knowledge that it was being committed.

You may not infer that Mr. Ruiz was guilty of participating in the crimes alleged in the indictment merely from the fact that he may have associated with other people who were guilty of wrongdoing.

The following conduct by Mr. Ruiz does not amount to or indicate the

presence of a conspiracy: mere presence at the scene of an alleged crime; mere

similarity of conduct among various persons; mere close association among various

persons; mere close association with a conspirator; mere discussion of common aims.

### REQUEST FOUR:  WITNESS GUILTY PLEA

You have heard testimony that Mr. Torres pleaded guilty to charges arising out of

the same facts as this case.  You may not draw any conclusions or inferences of any kind

about the guilt of Mr. Ruiz from the fact that Mr. Torres pled guilty to similar charges;

his decision to plead guilty was a personal decision about his own guilt and may not be

used in any way as evidence against Mr. Ruiz.


Fabian Ruiz,

By his attorney,

_____/s/ Valerie S.  Carter
Valerie S. Carter
CARTER & DOYLE LLP
530 Atlantic Avenue
Boston, MA   02210
617-348-0525
vcarter@carterdoyle.com

DATED:  February 2, 2005


### CERTIFICATE OF SERVICE


I hereby certify that on  February 2, 2005 a true copy of the above document was

served upon  the attorneys of record via ECF filing.


_____/s/ Valerie S. Carter
Valerie S. Carter, Esq.

Ruiz.jury instructions 2