### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 03-10362-WGY |
| | ) | |
| FABIAN RUIZ, | ) | |
| Defendant. | ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts and Assistant United States Attorney Cynthia Lie, submits this memorandum in response to the sentencing memoranda filed by defendant Fabian Ruiz. The government requests that the Court sentence Ruiz to a Sentencing Guideline term of between 63-78 months of imprisonment based on his Base Offense Level of 26 and Criminal History Category I. This guideline sentence is a reasonable sentence, particularly since his co-defendant, who had a much less central role than Ruiz, was sentenced to 96 months, based on his Base Offense Level of 26 and Criminal History Category III.

Moreover, Ruiz's Criminal History Category I significantly under-represents his criminal history: he has a 1997 Theft conviction; he was stopped in January 2001 in Arkansas with $700,000 in drug money for which he received immunity to testify with regards to the Applegate trials; and he has a 2003 Arkansas

1

drug conviction.  Yet, he flagrantly continued to drug deal, at least six times during the conspiracy period at issue, until his arrest in October 2003.  Thus, a sentence of less than the guideline range would be unreasonable under United States v. Booker, __ U.S. __, 2005 WL 50108 (U.S. Jan. 12, 2005).

## I.  RUIZ ALREADY RECEIVED THE BENEFIT OF HIS ARKANSAS TESTIMONY

Quite disingenuously, defendant fails to mention in his sentencing memorandum that he has already received considerable benefit from his Arkansas testimony – letter immunity and immunity under 18 U.S.C. § 6001, et. seq. for a January 2001 drug crime he committed in Arkansas, as set forth in the attached letter by Dan Stripling, dated July 5, 2005, ¶3.  Ruiz was stopped in January 2001 in Arkansas, with approximately $700,000 in drug proceeds, but officers submitted less than $500,000 for forfeiture. [See Stripling ltr, dated July 5, 2005, ¶3].  "Mr. Ruiz was identified as a potential witness against the corrupt police officers because he complained so loudly at the time of his arrest regarding the missing money.  He agreed to testify requiring only that we agree not to prosecute him for criminal offenses relating to his transportation of the money through Arkansas. . . . He has already received the benefit for his testimony." [Stripling ltr, dated July 5, 2005, ¶ 5].

Ruiz testified just to this incident, that he was carrying $700,000 in the two Applegate trials. [See Id., ¶4].  He did not

identify any other crimes, targets, or a broader conspiracy, and did not make any other cases for the government.  The Arkansas United States Attorney's Office has already given Ruiz the benefit of immunity in the 2001 Arkansas crime in exchange for his <u>Applegate</u> testimony.  Therefore, for Ruiz to now complain that the government unfairly received benefit with none granted to him is simply mendacious.

Ruiz should not complain about the government when the blame clearly lies with him and his decision to continue to commit a litany of drug crimes after this 2001 Arkansas stop.  For Ruiz to argue foul play by the government because it has not provided him with never-ending leniency and consideration for his <u>Applegate</u> testimony when he proceeded to commit no less than 2 other drug crimes <u>after</u> the 2001 Arkansas crime and <u>after</u> he agreed to testify in <u>Applegate</u>, is beyond cavil.

**II.  The "Reasonable" Sentence is The Guideline Sentence.**

Ruiz was clearly the central figure in the conspiracy.  He set up the terms of the deal and recruited all the players.  Ruiz was the owner of the marijuana. [PSR, ¶11].  Ruiz enlisted Stark to transport the marijuana. [<u>Id.</u>].  Ruiz had sent Stark to transport marijuana on at least five other occasions. [<u>Id.</u>]  Ruiz enlisted Teague to drive with him to Massachusetts. [<u>See</u> <u>Id.</u>].  Ruiz called Torres to tell Torres he was bringing the marijuana. [PSR, ¶14].  Ruiz provided the RV to bring the load of marijuana

3

and had done so on at least one prior occasion. [See Id.]  Ruiz told Torres to send $6,000 in the name of Trevor Teague for the marijuana deal.  [See PSR, ¶15].

Ruiz is a seasoned marijuana dealer and was convicted by a jury of conspiring and possessing with the intent to distribute 100 to 400 kilograms of marijuana.  Ruiz set up at least 5 other cross-country marijuana deals during the conspiracy period.  In October 2003, after Ruiz drove to Arkansas to dispense with his February 2003 drug charges, he continued to drive to Massachusetts to pick up the 376 pounds of marijuana at issue. Thus, the guideline sentence of 63-78 months imprisonment, CHC I, is more than reasonable, given his flagrant, ongoing criminal history and his significant conduct in the conspiracy and drug dealing at issue.

### III. RUIZ IS NOT ENTITLED TO ACCEPTANCE OF RESPONSIBILITY

Ruiz ignores the clear First Circuit law that holds that an acceptance of responsibility reduction should only be granted in "rare" situations, as set forth in note 2 of USSG § 3E1.1:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. . . In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial.  This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his

4

conduct).

United States v. Baltas, 236 F.3d 27, 37 (1st Cir. 2001); See also United States v. Gorsuch, 404 F.3d 543, 544-45 (1st Cir. 2005); United States v. Mikutowicz, 365 F.3d 65 (1st Cir. 2004) (holding no acceptance even though defendant admitted the *actus reus* of his crimes prior to trial and paid restitution prior to trial).

Ruiz seems to argue that since the government would not dismiss the supervisory role allegation, he should get acceptance, even though he put the government to its burden of proof at trial by denying the essential factual elements of guilt itself. Ruiz went to trial on the question of his factual guilt in the conspiracy to distribute marijuana charge and the possession with intent to distribute charge, as well as, the issue of quantity of drugs. Therefore, instead of trying to preserve an issue that did "not relate to factual guilt", Ruiz went to trial on all issues relating to factual guilt. Moreover, Ruiz' situation is by no means "rare." Therefore, defendant is not entitled to acceptance of responsibility under the First Circuit precedent set forth above.

## IV.  RUIZ HAS IGNORED EVERY OPPORTUNITY TO REHABILITATE

Ruiz has ignored every wake-up call and every chance at rehabilitation over a five year period: his 1997 Theft conviction, the 2001 Arkansas drug money stop, and the 2003

5

Arkansas drug conviction for which he received a nine year sentence that was suspended. Yet, in spite of these convictions, particularly the February 2003 drug crimes, he flagrantly continued to drug deal until his arrest for the 376 pounds of marijuana at issue in October 2003.

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court sentence Ruiz to the Guideline range.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: */s/ Cynthia W. Lie*
CYNTHIA W. LIE
Assistant U.S. Attorney

Dated: July 19, 2005