# ATTACHMENT



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of Arkansas*

---

Post Office Box 1229
425 W. Capitol Avenue, Suite 500
Little Rock, Arkansas 72203

501-340-2600

FAX 501-340-2730

July 5, 2005

<u>VIA EMAIL</u>
Ms. Cynthia Lie
U.S. Attorney's Office
1 Courthouse Way
John Joseph Moakley Courthouse
Boston, MA 02210

     RE:    Fabian Ruiz

Dear Ms. Lie:

     You asked that I write you a letter concerning our office's use of Fabian Ruiz as a witness. I am happy to do so. Because our records have been sent to the Records Center I am unable to provide you exact dates or copies of relevant documents. However, as a preface to this letter, Mr. Ruiz is not entitled to 5K consideration in Boston, or in Arkansas for that matter, based on his testimony in Arkansas. In fact, Mr. Ruiz agreed to testify back in 2002, well before his Massachusetts crimes were committed or charged in 2003.

     During the late 1990's, the FBI and our office began conducting an investigation of alleged police dishonesty in the Crittenden County, Arkansas Sheriff's Department and the West Memphis, Arkansas Police Departments. The investigation arose from allegations that the officers working the interdiction units were not delivering all money seized to state authorities for forfeiture. As part of that investigation, we contacted many cash couriers who, after being stopped, complained that all the cash seized from them was not delivered for forfeiture. Fabian Ruiz was one of those cash couriers.

     Mr. Ruiz was stopped in January 2001 for a traffic violation as he traveled from New Hampshire to Arizona. He contends he had approximately $700,000 in cash with him, but the seizing officers submitted less than $500,000 for forfeiture. As part of the FBI investigation, Mr. Ruiz was subpoenaed to appear before a grand jury in Arkansas. He testified before the grand jury in March, 2002, after being given letter immunity. The agreement we had with Mr. Ruiz was that he would not be prosecuted federally for any offenses relating to the transportation of drugs or drug proceeds through Arkansas prior to his testimony. We did not make any promises regarding other criminal activity, nor could we as to the Massachusetts crimes, as he had not yet committed them.

     The investigation resulted in several indictments and trials. Mr. Ruiz testified in

Page Two
July 5, 2005

---

two of those trials. The essence of his testimony both times was that he was carrying $700,000 when stopped. Mr. Ruiz's first testimony was in January 2003. His second testimony was in December 2003. The Boston charges were filed in October 2003 before Mr. Ruiz was to testify the second time. In February 2003, Mr. Ruiz was also charged in Arkansas state court for transporting drugs. Prior to the second trial, Mr. Ruiz was represented by different counsel who insisted that Mr. Ruiz would not testify unless granted immunity under 18 U.S.C. § 6001, *et seq.* We moved for immunity, which was granted. Mr. Ruiz then testified.

In the discussions that led to the granting of immunity, Mr. Ruiz's attorney requested that we make inquiry of the Boston United States Attorney's Office whether Mr. Ruiz was entitled to a 5K motion for his testimony. The matter was discussed with attorneys in your office. Your office took the position, and we concurred, that Mr. Ruiz was not entitled to 5K considerations under the circumstances. It seems obvious that this conclusion was correct. Mr. Ruiz was identified as a potential witness against the corrupt police officers because he complained so loudly at he time of his arrest regarding the missing money. He agreed to testify requiring only that we agree not to prosecute him for criminal offenses relating to his transportation of the money through Arkansas. With that agreement he testified in grand jury and at a first trial. Only then did Mr. Ruiz's counsel broach the subject of consideration for his testimony. Given the circumstances, I see no basis for Mr. Ruiz's argument that he is entitled to any consideration for cooperation in connection with the Boston charges. He has already received the benefit for his testimony. As well, in short, he agreed to cooperate long before his current problems in Boston occurred.

Sincerely,

BUD CUMMINS
United States Attorney

*[signature]*

By DAN STRIPLING
Assistant U.S. Attorney

DS/kim
Enc.