UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ──────────────────────── ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 03-10362-PBS |
| FABIAN RUIZ, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ──────────────────────── ) | |

**ORDER OF CONTEMPT**

December 14, 2005

Saris, U.S.D.J.

Pursuant to Fed. R. Crim. P. 42(b), this Court finds Fabian Ruiz guilty of criminal contempt and sentences him to incarceration for six months.  Rule 42(b) states that:

> Notwithstanding any other provision of these rules, the court . . . may summarily punish a person who commits criminal contempt in its presence if the judge saw or heard the contemptuous conduct and so certifies . . . The contempt order must recite the facts, be signed by the judge, and be filed with the clerk.

As required, I certify that I "saw the conduct constituting the contempt and that it was committed in the actual presence of the court."  See United States v. Perry, 116 F.3d 952, 955 (1st Cir. 1997).

On December 6, 2005, this Court signed an immunity order granting Mr. Ruiz immunity for any testimony he might give in the

1

case of <u>United States v. Stark</u>, a trial which is now pending. Mr. Ruiz, who is currently serving a sentence in federal prison in Arizona, was flown to Massachusetts and brought to testify. Mr. Ruiz, who had sufficient opportunity to consult with a court-appointed attorney regarding the effect of the immunity order, refused to testify.  The Court both ordered Mr. Ruiz to testify and apprised him of the consequences of refusing to do so.  Mr. Ruiz again adamantly refused to testify, and, in so doing, violated the Court's explicit order.  The Court then found that there was no reasonable justification for the refusal to testify. Indeed I find that the primary reason he refused to testify is that the defendant is his brother-in-law.  Defendant has admitted that he has not been threatened.  Thus, any fear of retaliation is speculative.  A transcript of the contempt proceedings will be filed.

As such, the Court found Mr. Ruiz in criminal contempt under Fed. R. Crim. P. 42(b) and 18 U.S.C. § 401 (allowing court to punish for criminal contempt "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command"); <u>see also</u> <u>United States v. Wilson</u>, 421 U.S. 309, 316-19 (1975) (allowing court to punish for criminal contempt refusal to obey an order to testify); <u>United States v. Winter</u>, 70 F.3d 655, 665 (1st Cir. 1995) (affirming district court judgment of criminal contempt for witness's refusal to testify at trial despite immunity order).

The Court summarily sentenced Mr. Ruiz to six months of incarceration to run consecutively to his current sentence.


/s/ Patti B. Saris

_____
PATTI B. SARIS
United States District Judge