

# United States Court of Appeals
## For the First Circuit

*[handwritten: 03-10362 Massachusetts (B) P. Sarris]*

Nos. 05-2233
     06-1111

UNITED STATES,

Appellee,

v.

FABIAN RUIZ,

Defendant, Appellant.

Before

Torruella, Lynch and Lipez,
<u>Circuit Judges</u>.

JUDGMENT

Entered: November 8, 2006

   After filing these direct criminal appeals, the appellant, Fabian Ruiz, fled from custody and was involuntarily recaptured 49 days later. The government moves to dismiss the appeals, citing <u>United States</u> v. <u>Puzzanghera</u>, 820 F.2d 25, 27 (1st Cir. 1987), which permits this court to dismiss the appeals of criminal appellants who escape and are involuntarily recaptured more than 30 days later if warranted. Ruiz, who has already filed his appellate brief, opposes dismissal. He contends that his claims in one appeal, No. 05-2233, have "sufficient" merit that this court should retain jurisdiction over the appeal.

   After careful review of the record and Ruiz's appellate brief, we conclude that summary affirmance is appropriate. <u>See</u> Loc. R. 27(c) (the court of appeals may act sua sponte and summarily dispose of an appeal at any time if it presents no "substantial question"). We briefly explain why the appeals do not present a "substantial question."

In appeal No. 05-2233, Ruiz, who was convicted of two controlled substance crimes, challenges the district court's denial of his pretrial motion for suppression and its denial of his post-verdict motion for acquittal. The district court's suppression ruling is supported by United States v. Powell, 929 F.2d 1190, 1191 (7th Cir. 1991). Ruiz fails to make any supported argument undermining the reasoning in that case. Furthermore, the evidence at trial was sufficient to support the jury verdict as to the identity and quantity of the controlled substance. Drug identity need not be established with "scientific certainty." United States v. Gaskin, 364 F.3d 438, 460 (2d Cir. 2004) (stating that "chemical analyis" is not required and that the government may rely on lay witnesses and circumstantial evidence), cert. denied, 544 U.S. 990 (2005). In addition, Ruiz has not shown that too few samples of the material seized were analyzed to satisfy the government's burden of proof, and the testimony of the DEA agent and forensic specialist amply supported the jury verdict as to the drug quantity.

In appeal No. 06-1111, Ruiz challenges his criminal contempt judgment and sentence, which were based on his refusal to testify at a co-defendant's trial. The district court granted Ruiz immunity in an order that conformed to 18 U.S.C. § 6002. Accordingly, there was no violation of his Fifth Amendment rights. See Kastigar v. United States, 406 U.S. 441, 453 (1972) ("We hold that [§ 6002] immunity . . . is coextensive with the scope of the privilege against self-incrimination, and therefore is sufficient to compel testimony over a claim of the privilege."). Moreover, a witness's fear for his safety does not justify his refusal to testify. United States v. Winter, 70 F.3d 655, 665-66 (1st Cir. 1995). Finally, the district court did not err or abuse its discretion in not mitigating Ruiz's sentence based on his fear for his safety. The court reasonably found that his fear was neither justified nor the primary motivation for his refusal to testify.

The judgments of the district court are affirmed. See Loc. R. 27(c).

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

_____
Deputy Clerk
Date:

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER
By: _____
Chief Deputy Clerk.

[cc: Cynthia W. Lie, AUSA, Dina Michael Chaitowitz, AUSA, William Cintolo, Esq., Edward J. O'Brien, Esq.]